IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-01824-WJM-KLM

DOMINIC POLETTO,

    Plaintiff,

v.

PAULA SAWYER, Regional Director, Region 27, National Labor Relations Board, and
MARK E. ARBESFELD, Director, Office of Appeals, National Labor Relations Board,

    Defendants.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____
**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Defendants' **Motion to Substitute Party** [#23][1] (the "Motion to Substitute") and on Defendants' **Motion to Dismiss** [#24] (collectively the "Motions"). Plaintiff, who proceeds as a pro se litigant,[2] filed Responses [#27, #28] in opposition to the Motions [#23, #24], Defendants filed Replies [#31, #32], and Plaintiff filed Surreplies [#33, #34].[3] The Motions [#23, #24] have been referred to the

---

[1] "[#23]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's electronic case filing and management system (CM/ECF). This convention is used throughout this Recommendation.

[2] The Court must construe liberally the filings of a pro se litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). In doing so, the Court should not be the pro se litigant's advocate, nor should the Court "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1175 (10th Cir. 1997) (*citing Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). In addition, a pro se litigant must follow the same procedural rules that govern other litigants. *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

[3] Plaintiff did not seek leave to file Surreplies [#33, #34] or show why the Surreplies were necessary, i.e., that Defendants relied on new argument or material in their Replies [#31, #32]. *See Green v. New Mexico*, 420 F.2d 1189, 1196 (10th Cir. 2005). Nonetheless, in the

1

undersigned pursuant to 28 U.S.C. § 636(b)(1) and D.C.COLO.LCivR 72.1.  See [#25, #26].  The Court has reviewed the Motions [#23, #24], the Responses [#27, #28], the Replies [#31, #32], the Surreplies [#33, #34], the entire case file, and the applicable law, and is sufficiently advised in the premises.  For the reasons set forth below, the Court respectfully **RECOMMENDS** that the Motions [#23, #24] be **GRANTED**.

## I.  Background[4]

Plaintiff commenced this action on July 25, 2022.  *See Compl.* [#1].  Plaintiff is a former United States Postal Service ("USPS") employee.  After he was removed from his job, Plaintiff's union, the National Association of Letter Carriers Branch 47 (the "Union") filed two grievances on his behalf against the USPS challenging his removal.  *See Am. Compl.* [#15] at 4.  A dispute resolution team resolved both grievances in favor of the USPS, determining that the USPS had just cause to remove Plaintiff from employment.  *See id.*

Plaintiff then filed an unfair labor practice charge against the Union with the National Labor Relations Board (the "NLRB") Region 27.  *See id.*  The charge alleged that the Union failed to represent him by refusing to escalate the two grievances in violation of the National Labor Relations Act (the "NLRA") § 8(b)(1)(A).  *See id.*  On review of Plaintiff's charge, Defendant Paula Sawyer ("Sawyer"), Director of NLRB Region 27, concluded that there was insufficient evidence that the Union violated the NLRA.  *See id.*

---

interest of completeness and because Plaintiff is proceeding pro se, the Court considers them in adjudicating the present Motions [#23, #24].

[4] All well-pled facts from the Amended Complaint [#15] are accepted as true and viewed in the light most favorable to Plaintiff as the nonmovant. *See Barnes v. Harris*, 783 F.3d 1185, 1191-92 (10th Cir. 2015).

As a result, Defendant Sawyer declined to issue an administrative complaint and dismissed the charge against the Union. *See id.*

Plaintiff appealed Defendant Sawyer's decision to the NLRB's Office of the General Counsel. *See id.* at 5. Defendant Mark E. Arbesfeld ("Arbesfeld"), Director of the Office of Appeals, reviewed the decision by Defendant Sawyer and found that there was no evidence that the Union violated the NLRA with respect to its duty of fair representation. *See id.* On that basis, Defendant Arbesfeld denied Plaintiff's appeal. *See id.*

Plaintiff brings common law tort claims against Defendants under 28 U.S.C. § 2679(b)(2)(B), requesting $94,985,078 in damages. *See id.* at 7. Plaintiff asserts that Defendants committed negligence, concurrent negligence, and gross negligence based on Defendant Sawyer's dismissal of his unfair labor practice charge against the Union and Defendant Arbesfeld's decision to affirm that dismissal, in violation of NLRA § 8(b)(1)(A). *See id.* at 5.

Here, Defendants seek substitution of the United States as the sole defendant in this case pursuant to the Federal Tort Claims Act ("FTCA"), which provides that a suit against the United States is the exclusive remedy for negligent actions by federal employees acting within the scope of their employment. *Motion to Substitute* [#23] at 3. Defendants also seek dismissal of this action pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) for several reasons under the FTCA: (1) Plaintiff failed to exhaust his administrative remedies as required by the FTCA; (2) the Court lacks subject matter jurisdiction over Plaintiff's claims because they have no private analog under Colorado law; (3) the Court lacks subject matter jurisdiction because the FTCA's discretionary

function exception bars Plaintiff's claims; and (4) Plaintiff fails to state a claim for which relief may be granted.  *Motion to Dismiss* [#24] at 2.  Defendants also argue that, if Plaintiff's claims are not construed as FTCA claims, the case should still be dismissed because (1) the prosecutorial decisions of the NLRB's General Counsel are unreviewable, and (2) Plaintiff's claims for money damages against the NLRB are barred by sovereign immunity.  *Id.*

Plaintiff argues that the Motion to Substitute [#23] should be denied because the FTCA does not apply to his claims and therefore substitution of the United States as sole defendant would be improper.  *Response* [#27].  Plaintiff argues that the Motion to Dismiss [#24] should be denied generally because the FTCA does not apply to his claims, and specifically for several reasons: (1) he has exhausted all administrative remedies; (2) this action does not fall under the FTCA and therefore arguments against his claims based on lack of private analog under Colorado law and the FTCA discretionary function exception do not apply; (3) he has alleged facts showing that Defendants owed him a duty; (4) the Court has authority to review the prosecutorial decisions of the NLRB; and (5) the assertion of sovereign immunity is "illegitimate".  *See Response* [#28].

## II.  Standard of Review

Subject matter jurisdiction concerns the Court's authority to hear a case and cannot be waived.  *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).  The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction.  *See Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).  Statutes conferring subject-matter jurisdiction on federal courts are to be strictly construed*. F. & S. Constr. Co. v. Jensen*, 337 F.2d 160, 161 (10th Cir. 1964).  If at any time the Court determines

that it lacks subject matter jurisdiction, the Court must dismiss the action. Fed. R. Civ. P. 12(h)(3); *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006).

Motions to dismiss pursuant to Rule 12(b)(1) may take two forms. First, if a party attacks the facial sufficiency of the complaint, the Court must accept the allegations of the complaint as true. *See Holt v. United States*, 46 F.3d 1000, 1002-03 (10th Cir. 1995). In that circumstance, a Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusory allegations of jurisdiction." *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971). Second, if a party attacks the factual assertions regarding subject matter jurisdiction through affidavits and other documents, the Court may make its own findings of fact. *See id.* at 1003. In that circumstance, the Court's consideration of evidence outside the pleadings, including affidavits, will not generally convert the motion to dismiss to a motion for summary judgment under Rule 56. *Id.* In this case, Defendants challenge the facial sufficiency of the Amended Complaint [#15], and the Court therefore accepts Plaintiff's allegations as true. *See Holt*, 46 F.3d at 1002-03.

### III.  Analysis

**A.    FTCA Claims**

The Court first addresses whether the claims brought by Plaintiff are properly construed as FTCA claims because resolution of both Motions [#23, #24] hinges on this question. *See Castro v. United States*, 540 U.S. 375, 381 (2003) (noting that it is appropriate for federal courts to ignore the legal labels attached to a pro se party's claims "to create a better correspondence between the substance of [the party's claims] and [the] underlying legal basis"). The United States is immune from suit unless it has consented

to be sued. *United States v. Mitchell*, 445 U.S. 535, 538 (1980). In enacting the FTCA, the United States waived, with certain exceptions, its sovereign immunity for common law torts committed by its agents in the scope of their employment. *See* 28 U.S.C. § 2674; *Woodruff v. Covington*, 389 F.3d 1117, 1126 (10th Cir. 2004) ("'The [FTCA] is a limited waiver of sovereign immunity' that only applies to federal employees." (quoting *United States v. Orleans*, 425 U.S. 807, 813 (1976)). With regard to federal employees, the FTCA waives sovereign immunity for certain tort claims seeking money damages. 28 U.S.C. § 1346(b)(1); *Franklin Sav. Corp. v. United States*, 180 F.3d 1124, 1140 (10th Cir. 1999). The FTCA provides that suit against the United States shall be the exclusive remedy for persons with claims for damages resulting from negligent actions of federal employees taken within the scope of their employment. *See* 28 U.S.C § 2679(b)(1); *see also Herlik v. United States*, No. 07-cv-00658-WDM-KMT, 2008 WL 700173, at *1 (D. Colo. Mar. 12, 2008), *aff'd*, 291 F. App'x 208 (10th Cir. 2008).

Plaintiff argues that his claims should not be governed by the FTCA for two reasons: (1) his claims generally are not FTCA claims; and (2) his claims fall outside of the FTCA under a statutory exception to the FTCA for claims "otherwise authorized" pursuant to 28 U.S.C. § 2679(b)(2)(B). *See Response* [#27] at 1, *Response* [#28] at 6.

Plaintiff first argues generally that his claims are not FTCA claims and that he is not bringing suit under the FTCA. *Response* [#28] at 6. The FTCA is the "exclusive" remedy for tort claims for damages based on the conduct of a federal government employee. 28 U.S.C. § 2679(b)(1). The claims brought by Plaintiff are tort claims for damages based on alleged negligence by two federal employees. *See Am. Compl.* [#15] at 4-5. These are the type of claims exclusively covered by the FTCA. *See Houck v.*

*Denham,* No. 15-cv-00894-KMT, 2017 WL 11425592, at *11 (D. Colo. Mar. 27, 2017) (construing "tort claims" against federal government employees as FTCA claims because "the FTCA is the exclusive remedy for claims brought for a 'negligent or wrongful act or omission' of any Government employee acting within the scope of his employment" (quoting 28 U.S.C. § 2679(b)(1))). Therefore, Plaintiff's claims are properly construed as FTCA claims.

Further, because the Court determines that substitution of the United States as sole defendant in this action is proper, as further discussed in Section III.B. below, if Plaintiff's negligence claims against federal employees for actions taken in the scope of their employment are not FTCA claims they must necessarily be dismissed. *See Herlik*, 291 F. App'x 208 (10th Cir. 2008). The FTCA is the exclusive remedy for tort actions against a government employee, and "if the government has not waived its sovereign immunity, a court is devoid of jurisdiction to hear any cases against the government." *Id.* at 3.

Plaintiff next argues that his action against Defendants falls under the "otherwise authorized" exception to the FTCA. 28 U.S.C. § 2679(b)(2)(B) provides an exception to the FTCA for "a civil action against an employee of the Government . . . brought for a violation of a statute of the United States under which such action against an individual is otherwise authorized." Plaintiff first argues that his claims fall under this exception pursuant to 28 U.S.C. § 1331. *See Response* [#27] at 1. Section 1331 is a grant of subject-matter jurisdiction which states only that "[t]he district courts shall have original jurisdiction of all civil actions arising under the constitution, laws, or treaties of the United States." The Court agrees with Defendants that § 1331 does not otherwise authorize tort

7

suits against government employees.  *See Reply* [#31] at 4.  "[I]t cannot possibly be said that the plaintiffs bring suit for a violation of § 1331, which merely provides federal question jurisdiction and not a cause of action."  *Schneider v. Kissinger*, 310 F. Supp. 2d 251, 267 (D.D.C. 2004), *aff'd*, 412 F.3d 190 (D.C. Cir. 2005).

Plaintiff also argues that his claims are "otherwise authorized" by Defendants' violation of his statutory rights outlined in § 8(b)(1)(A) of the NLRA.  *Response* [#28] at 7.  However, the section of the NLRA cited by Plaintiff concerns the coercion of employees by unions and does not cover the actions of the NLRB.  Section 8(b)(1)(A) does not authorize tort claims against government employees acting in the scope of their employment.  The Court is aware of no legal authority, and Plaintiff has provided none, allowing Plaintiff to sue members of the NLRB under the NLRA.

Because Plaintiff can point to no statute which authorizes his tort claims against Defendants, the FTCA's "otherwise authorized" exception does not apply.  *See Herlik*, 291 F. App'x 208 (10th Cir. 2008) (rejecting a plaintiff's assertion that his claims fell under 28 U.S.C. § 2679(b)(2)(B) because he failed to provide "any citation to a statute of the United States" authorizing a tort action against a government employee).  Because Plaintiff's claims can generally be considered FTCA claims, and his claims do not fall under the "otherwise authorized" exception to the FTCA, the Court finds that his claims are properly construed as FTCA claims.

**B.    Motion to Substitute Party**

Defendants move to substitute the United States as the sole defendant in this action pursuant to 28 U.S.C § 2679.  *Motion to Substitute* [#23] at 1.  The FTCA provides that, on certification by the Attorney General or his delegated representative that a federal

employee was acting within the scope of employment at the time of the conduct from which the claim arose, any civil action arising out of the conduct shall be deemed an action against the United States and the United States shall be substituted as sole defendant for the claim. *See* 28 U.S.C § 2679(d)(1). The Attorney General has delegated certification authority to the United States Attorneys. *See* 28 C.F.R. § 15.4. The United States Attorney for the District of Colorado has certified that, at the time of the conduct alleged in the Amended Complaint [#15], Defendants were acting within the scope of their employment. *See Ex. 1, U.S. Attorney Certification of Scope of Employment* [#23-1]. Therefore, Defendants argue that the United States should be substituted as the sole defendant in this action.

Plaintiff argues that the United States should not be substituted for two reasons: (1) the FTCA does not apply to his claims; and (2) the certification by the United States Attorney for the District of Colorado should be withdrawn, barring substitution. *Response* [#27] at 1-3. The Court has already addressed the first argument in Section III.A. above and determined that the FTCA applies to Plaintiff's claims.

Plaintiff's second argument is that certification should be withdrawn. 28 C.F.R § 15.4(c) provides that the "certification under this section may be withdrawn if a further evaluation of the relevant facts . . . calls for such action . . . and the removal . . . shall be subject to the instructions and supervision of the Assistant Attorney General in charge of the Civil Division or his or her designee." Plaintiff objects to the Motion to Substitute [#23], stating that Defendants do "not qualify for such additional representation" and asks the Court to remove the certification of the Attorney General from consideration. *Response* [#27] at 4.

9

The Court may not withdraw the certification on behalf of the United States Attorney, and the Court may not remove the certification from consideration—only the Attorney General or his delegated representative can withdraw certification. *See Ellerbe v. United States*, No. 4:09-cv-2226, 2011 WL 4361617, at *4 (N.D. Ohio Sept. 19, 2011) (noting that 28 C.F.R. § 15.4(c) "allows for the *government* to withdraw a certification if a further evaluation of the relevant facts or consideration of new or additional evidence calls for such action" (emphasis added)). Further, Defendants do not need to qualify for additional representation, as Plaintiff argues. Once certified, "the United States shall be substituted as the party defendant." 28 U.S.C. § 2679(d)(1). "Certification is . . . conclusive for the purpose of substitution." *Gabriel v. Alger*, No. 14-cv-03022-KMT, 2015 WL 1042507, at *1 (D. Colo. Mar. 5, 2015) (quoting *Aviles v. Lutz*, 887 F.2d 1046 at 1049 (10th Cir. 1989)).

The United States Attorney for the District of Colorado has not withdrawn certification. *See Ex. 1, U.S. Attorney Certification of Scope of Employment* [#23-1]. This therefore requires substitution of the United States as sole defendant in this action pursuant to 28 U.S.C § 2679(d)(1). Accordingly, the Court **recommends** that the Motion to Substitute [#23] be **granted**.

C. **Motion To Dismiss**

As the sole Defendant, the United States argues that this action should be dismissed for several reasons. *Motion to Dismiss* [#24] at 1. The Court need only address the third argument made by Defendant, that the Court lacks subject matter jurisdiction to hear the case because the FTCA's discretionary function exception bars Plaintiff's claims and therefore the claims should be dismissed under Rule 12(b)(1). *Id.*

10

Defendant argues that the discretionary function exception applies to the determinations made by Defendant in dismissing Plaintiff's unfair labor charge against the Union and declining to issue an administrative complaint, and therefore the case should be dismissed for lack of subject matter jurisdiction. *See Motion to Dismiss* [#24] at 9. Plaintiff in response argues that his claims are not brought under the FTCA and therefore Defendant's argument necessarily fails. *See Response* [#28] at 4. As the Court has determined in Section III.A. above, Plaintiff's claims are properly construed under the FTCA.

The FTCA contains a limited waiver of sovereign immunity, but the waiver contains several exceptions. 28 U.S.C. § 2680. The "discretionary function" exception provides that the FTCA does not apply to claims based "upon the exercise or performance or the failure to exercise or perform a discretionary function or duty . . . whether or not the discretion involved be abused." 28 U.S.C. § 2680(a). "[A] Plaintiff must show that the alleged offending conduct did not involve discretionary functions in order to avoid dismissal under Rule 12(b)(1)." *Scarborough v. United States*, No. 15-cv-00242-KLM, 2017 WL 1243014, at *3 (D. Colo. Mar. 17, 2017).

The Tenth Circuit has long held that courts lack subject matter jurisdiction over an FTCA claim when the discretionary function exception applies*. Sydnes v. United States*, 523 F.3d 1179, 1183 (10th Cir. 2008) (recognizing that the discretionary function exception "reasserts the government's immunity"); *Goldblatt v. Hoskings*, 402 F. App'x 386, 387 (10th Cir. 2010) (affirming lower court's dismissal based on § 2680 exception for lack of jurisdiction); *Brown v. United States*, 384 F. App'x 815, 817 (10th Cir. 2010) (same); *Garcia v. U.S. Air Force*, 533 F .3d 1170, 1175 (10th Cir. 2008) (designating the

11

discretionary function exception as a "jurisdictional prerequisite to suit"). In *Garcia v. U.S. Air Force*, the court held that, "[i]f the discretionary function exception applies to the challenged conduct, the United States retains its sovereign immunity and the district court lacks subject matter jurisdiction to hear the suit." 533 F.3d at 1175-76 (citation omitted). "In the absence of jurisdiction, the Court lacks the power to enter judgment." *Saleh v. Wiley*, No. 09-cv-02563-PAB-KLM, 2012 WL 4356224, at *3 (D. Colo. June 12, 2012).

In determining whether the discretionary function exception applies, courts apply a two-part test set forth by the Supreme Court in *Berkovitz by Berkovitz v. United States*: (1) whether there was a prescribed course of action; and (2) whether the action was of the kind that the discretionary function exception was designed to shield. 486 U.S. 531, 536 (1988); *see also Scarborough*, 2017 WL 1243014, at *3.

For the first *Berkovitz* step, courts consider "whether the challenged conduct involved an element of judgment or choice, which would trigger the discretionary function exception." *Id.* If "the challenged conduct 'involves an element of judgment or choice,' . . . it is discretionary and falls within the language of the exception." *Ball v. United States*, 967 F.3d 1072, 1076 (10th Cir. 2020) (quoting *Kiehn v. United States*, 984 F.2d 1100, 1102 (10th Cir. 1993)). An action is not considered discretionary when a statute, regulation, or policy mandates certain conduct, because the employee has "no room for choice." *United States v. Gaubert*, 499 U.S. 315, 324 (1991).

If the conduct at issue involves discretionary judgment under the first step of *Berkovitz*, then courts "must apply the second step, which requires them to determine whether that judgment is the kind that the discretionary function exception was designed to shield." 486 U.S. at 536. This has been interpreted to ask whether the decision is

susceptible to policy analysis. *Gaubert*, 499 U.S. at 322, 325. "The Tenth Circuit Court of Appeals has held that the second step is satisfied if the offending action 'implicates the exercise of a policy judgment of a social, economic or political nature.'" *Scarborough*, 2017 WL 1243014, at *4 (quoting *Duke v. Dep't of Agric.*, 131 F.3d 1407, 1411 (10th Cir. 1997)). "When established governmental policy . . . allows a Government agent to exercise discretion, it must be presumed that the agent's acts are grounded in policy when exercising that discretion." *Gaubert*, 499 U.S. at 324. "For a complaint to survive a motion to dismiss, it must allege facts . . . that the challenged actions are not the kind of conduct that can be said to be grounded in the policy of the regulatory regime." *Id.* at 324-25.

In this case, the determinations at issue are the decision by Ms. Sawyer to dismiss Plaintiff's unfair labor charge against the Union and to decline to issue an administrative complaint and the decision by Mr. Arbesfeld to uphold that determination on appeal by Plaintiff. *See Am. Compl.* [#15] at 4-5. Defendant argues that the FTCA's discretionary function exception bars Plaintiff's claims because Plaintiff challenges discretionary decisions. *Motion to Dismiss* [#24] at 17. Specifically, Defendant argues that both determinations at issue involve judgment and choice and implicate policy considerations, and therefore should fall under the discretionary function exception. *Id.* at 18. Further, Defendant argues that Plaintiff has not and cannot identify a discretion-constraining law or policy that applied to the decisions at issue. *Id.* Plaintiff does not respond to these arguments because he argues that his claims are not FTCA claims and "there is no need to familiarize himself with this portion of the Motion at this time." *Response* [#28] at 9. As the Court has determined in Section III.A. above, the FTCA does apply to Plaintiff's claims.

Under the first step of *Berkovitz*, the Court must consider whether the determinations at issue involved an element of judgment or choice. *Berkovitz*, 486 U.S. at 536. Defendant points to the NLRA, regulations, and case law recognizing that the NLRB Regional Director and the NLRB Director of the Office of Appeals have discretion to dismiss unfair labor practice charges. *Motion to Dismiss* [#24] at 18. The NLRA establishes that the NLRB's General Counsel shall have final authority and discretion regarding investigating charges and issuing complaints. *See* 29 U.S.C. § 153(d). The NLRB Regional Directors and the Director of the Office of Appeals exercise that authority subject to the General Counsel's direction and supervision. *See* 29 U.S.C. § 160; 29 C.F.R. §§ 101.6, 101.8. Both the United States Supreme Court and the Tenth Circuit have held that the NLRA grants the General Counsel, Regional Directors, and Director of Office of Appeals "unreviewable discretion" regarding the dismissal of unfair labor practice charges. *Vaca v. Sipes*, 386 U.S. 171, 182 (1967) ("[The NLRB's] General Counsel has unreviewable discretion to refuse to institute an unfair labor practice complaint."); *see also Loc. No. 850, Int'l Ass'n of Machinists & Aerospace Workers v. T.I.M.E.-DC, Inc.*, 705 F.2d 1275, 1278 (10th Cir. 1983) (stating that the NLRA "granted unreviewable discretion to NLRB general counsel and the regional director" to determine "whether an unfair labor practice complaint should be issued . . . [on] unfair labor practice charges"). Defendant's determinations at issue are precisely the sort of decisions that implicate judgment and choice. Further, the NLRA does not mandate a particular decision such that the decision maker has "no room for choice." *Gaubert*, 499 U.S. at 324. In light of this legal authority, the Court finds that the Plaintiff has failed to demonstrate that Defendant lacked discretion in reviewing and dismissing unfair labor practice charges.

Because the Court finds that the conduct at issue involved discretionary judgment, it now turns to the second prong of *Berkovitz*. 486 U.S. at 536-37. To meet this standard, "Plaintiff bears the burden of demonstrating that Defendant's conduct did not depend on considerations of public policy . . . ." *Scarborough*, 2017 WL 1243014, at *5. Although Plaintiff has not argued that the conduct at issue did not depend on considerations of public policy, the Court considers the matter.

Decisions of whether to pursue or dismiss an unfair labor practice charge are laden with considerations of public policy and are precisely the type of decision "that the discretionary function exception was designed to shield." *Gaubert*, 499 U.S. at 332. Established governmental policy allows NLRB Regional Directors to pursue or dismiss an unfair labor practice charge and allows the Director of the Office of Appeals to sustain or reverse that determination. *See* 29 U.S.C. § 160; 29 C.F.R. §§ 101.6, 101.8. Because this is established governmental policy, decisions that exercise such discretion are presumed to be grounded in policy. *See Gaubert*, 499 U.S. at 325; *Daigle v. Shell Oil Co.*, 972 F.2d 1527, 1541-42 (10th Cir. 1992) (applying the presumption that exercise of discretion was based in policy). This presumption cannot be overcome by Plaintiff, nor has Plaintiff argued against it. Determinations of whether to pursue or dismiss an unfair labor practice charge require considerations of policy, including the advancement of the public interest and cost-benefit considerations of scarce agency resources. *See J.H. Rutter Rex Mfg. Co. v. United States*, 515 F.2d 97, 99 (5th Cir. 1975) (holding that the discretionary function exception applied to a challenge of the NLRB's decision not to take enforcement action given the public policy considerations of the issue). Even if the decision to dismiss the unfair labor practice charge was incorrect, as Plaintiff alleges, the

discretionary function exception still applies when "the discretion involved [is] abused." 28 U.S.C. § 2680(a). The Court can only entertain a claim when a plaintiff can demonstrate that the "challenged actions are not the kind of conduct that can be said to be grounded in the policy of the regulatory regime." *Gaubert*, 499 U.S. at 325. For these reasons, the Court finds that Defendant's challenged determinations satisfy the second prong of *Berkovitz*.

Therefore, the Court finds that the discretionary function exception to the FTCA applies to Plaintiff's claims. Thus, the Court lacks subject matter jurisdiction to hear the claims. Accordingly, the Court **recommends** that the Motion to Dismiss [#24] be **granted** for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), and that Plaintiff's claims be **dismissed without prejudice**. *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213 (10th. Cir. 2006) (holding that dismissal for lack of jurisdiction must be without prejudice).

## IV. Conclusion

For the reasons set forth above,

IT IS HEREBY **RECOMMENDED** that Defendants' Motions [#23, #24] be **GRANTED**.

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999);

*Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).  A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review.  *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: March 8, 2023

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge